# Abdul Hassan Law Group, PLLC
## 215-28 Hillside Avenue
## Queens Village, New York, 11427
~~~~

**Abdul K. Hassan, Esq.**                                               Tel: 718-740-1000
Email: abdul@abdulhassan.com                                            Fax: 718-740-2000
*Employment and Labor Lawyer*                                           Web: www.abdulhassan.com

**January 27, 2021**

**Via ECF**

Hon. Jesse M. Furman, USDJ
United States District Court, SDNY
40 Foley Square
New York, NY 10007
Tel:  212-805-0282

<u>Re: Rivera v. NYC Motorcars Corporation et al</u>
Case No.  20-CV-02701 (JMF)(OTW)
Motion for Settlement Approval

Dear Judge Furman:

     My firm represents plaintiff Samantha Rivera ("Plaintiff" or "Rivera") in the above-referenced action, and I respectfully write to seek approval of the settlement in this action as per the Second Circuit's decision in *Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199, 207 (2d Cir. 2015). Defendants and Plaintiff all join in urging this Court to approve the settlement as fair and reasonable – Plaintiff writes in support of the motion. Exhibit 1 is a copy of the fully executed settlement agreement. Documentation in support of the percentage fee is attached hereto as Exhibit 2 in the form of the retainer agreement. See i.e. *Kevin Lynch v. Consolidated Edison, Inc.*, Case No. 16-CV-1137, ECF No. 37 (Judge Furman - approving 1/3 fees of $14,826)("the Court sees no basis to reduce the fee where, as here, there are no opt-in plaintiffs, the case is not a collective action, and the attorney's fee award is based on an agreement between Plaintiff and his attorney.").

     Plaintiff's claims in this action are more fully set forth in the complaint. (ECF No. 1). In essence, however, Plaintiff brought claims for unpaid wages/overtime wages under the FLSA and NYLL. Plaintiff also seeks to recover penalties for violation of the wage statement and wage notice violations of the NYLL, attorney's fees and costs.

     In general, allegations and facts are refined as information is exchanged in the case – this is especially true in wage cases where the employer has an obligation under the FLSA and NYLL to keep and maintain wage, time, and employment records. Moreover, the allegations and

claims were further refined after extensive discussions, and exchange of information at the mediation conducted by a mediator from this Court's mediation program.

Based on Plaintiff's interpretation of the records produced by Defendants, Plaintiff is owed unpaid wages of approximately $1,572 ($1,347 in unpaid overtime for about 51.52 overtime hours worked in the 9 or so weeks of her employment and about $225 in spread of hour wages for the 15 days she worked in excess of 10 hours a day). Plaintiff was employed by Defendants from on or about December 2, 2019 to February 2, 2020. The complaint in this action was filed on March 31, 2020. (See ECF No. 1).

Defendants may also be able to avoid the imposition of liquidated damages if they prove a good-faith affirmative defense. Defendants also dispute the work hours alleged by Plaintiff. In general Defendants deny Plaintiff's allegation that she is owed wages.

If Plaintiff prevails on her claims for wage notice and wage statement violations, she could be entitled to another $7,800 maximum. The law as to the wage notice and wage statement claims is not settled – recovery under these claims is also not protected by the FLSA – these are NYLL claims. Plaintiff was provided with some type of wage statements – there may be a technical dispute as to whether the wage statements were fully compliant.

The total settlement amount is $13,000. (See Ex. 1 ¶ 2). Under the settlement, Plaintiff is due to receive $8,228 (See Ex. 1 ¶ 2(a-b)) after costs and a 1/3 contingency fee. (See Ex. 1 ¶ 2(a-b)).  See *Venegas v. Mitchell*, 495 U.S. 82, 89-90 (1990). See also *Fisher v. SD Prot. Inc.,* 948 F.3d 593 (2d Cir. 2020)(relying on "the text and purpose of the FLSA, as well as longstanding case law interpreting other similar fee-shifting statutes in the civil rights context," in applying the FLSA under *Cheeks*. – such longstanding case law includes the application of *Venegas* which holds that fees that a plaintiff owes his counsel is governed by the retainer agreement and not by statutory fee-shifting provisions); *Kevin Lynch v. Consolidated Edison, Inc.*, Case No. 16-CV-1137, ECF No. 37 (Judge Furman - approving 1/3 fees of $14, 826)("the Court sees no basis to reduce the fee where, as here, there are no opt-in plaintiffs, the case is not a collective action, and the attorney's fee award is based on an agreement between Plaintiff and his attorney.").

Plaintiff's counsel is due to receive reimbursement of Six Hundred Dollars ($658) in filing ($400), and service costs ($258), plus a 1/3 contingency fee of Four Thousand, One Hundred and Fourteen Dollars ($4,114) (Ex. 1 ¶ 2(c))[1] (Ex. 2).

---

[1] See *Venegas v. Mitchell*, 495 U.S. 82, 89-90 (1990). Plaintiff' Counsel's retainer rate is $600 and the retainer agreement with Plaintiff states in relevant part as follows:

The amount of Attorney's contingency fee will be the greater of:
(a) A reasonable percentage fee which is one-third (1/3) of all sums recovered on Client's behalf; or

(b) A reasonable hourly fee which is the amount of Attorney's hourly rates as laid out below times the number of hours spent by the Attorney on Client's behalf; or

(c) A separate recovery of fees such as where a court or other tribunal awards attorney's fees or where a defendant(s) settles a demand for fees.

Plaintiff's counsel has received similar or higher legal fees in other FLSA settlements approved by courts. See *Herrera Caballero v. Astoria Wirelessone Inc. et al*, Case No. 18-CV-02778 (Judge Furman - SDNY)(approving a 1/3 contingency fee of about $11,407 under *Cheeks*); *Gomez v. Winn Management Group LLC* Case No. 18-CV-08559 (JMF)(Approving a 1/3 contingency fee of about $4,977 under *Cheeks*); *Lopez v. Namdor Inc.,* Case No. 20-CV-04414 (Judge Parker, November 5, 2020)(Approving a 1/3 contingency fee of about $16,510 under *Cheeks*); *Hixholli v. Aqua* 3065 GC LLC et al, Case Number 19-CV-05654 (Judge Netburn - SDNY, November 25, 2019)(Approving a 1/3 contingency fee of about $15,000 under *Cheeks*); *Knights v. Novitex Enterprise Solutions, Inc. et al*, 17-CV-9359, ECF No. 43, (Magistrate-Judge Netburn - August 30, 2018)(Approving a 1/3 contingency fee of about $15,000 under *Cheeks*); *Gosyne v. Ace Inspection and Testing Services Inc. et al*, Case No. 17-CV-07364 (Magistrate-Judge Reyes - EDNY July 19, 2018)(approving a 1/3 fee of $14,700 under *Cheeks*); *Elahi v. Metropolitan Garment Cleaning Inc. et al*, Case No. 18-CV-02372 (Judge Reyes – R&R November 13, 2018)(approving a 1/3 fee of $13,047 under *Cheeks*); *Romard v. Gateway Arms Management Corp.*, Case No. 18-CV-03185 (Magistrate-Judge Reyes - September 6, 2018)(approving a 1/3 fee of $11,666 under *Cheeks*); *Hosein v. Universal Elevator Inc. et al,* Case No. 17-cv-07597-(Judge Cogan)(approving a 1/3 percentage fee of $16,995 under *Cheeks*); *Andrea Carter v. Long Island Care Center, Inc.*, Case No.15-cv-4058 (PKC)(VMS), (February 19, 2016 text only order – approving a 1/3 fee of approximately $26,000); *Hysa et al v. Midland Electrical Contracting Corp. et al*, Case No. 13-CV-6837 (Chief Magistrate-Judge Mann, January 2016 - approving 1/3 fee of $103,607.94); *Palermo v. Efficient Staffing Solutions LLC et al*, 17-CV-00658 (Magistrate-Judge Reyes – EDNY)(1/3 fee of $9,815 under *Cheeks*); *Persaud v. Consulate General of Guyana in New York et al*, Case No. 16-cv-01755 (Magistrate-Judge Peck - SDNY)(approving 1/3 fees of $23,080 under *Cheeks*); *Bumagin v. The Mount Sinai Medical Center, Inc.* et al, Case No.16-cv-08783, ECF No. 40, (SDNY – Judge Gorenstein)(1/3 fee of $14,000 under *Cheeks*); *Rivera v. Golden Krust Caribbean Bakery Inc.*, Case No. 16-cv-09219 (Magistrate-Judge Pitman) (1/3 fee of $16,666 under *Cheeks*); *Kirkland v. ASA College, Inc. et al*, 16-cv-02908 (Magistrate-Judge Levy – EDNY)(1/3 fee of $12,978 under *Cheeks*); *Domenech v. Parts Authority, Inc.* 15CV-3595, ECF No. 41, 42 (ILG - EDNY) (approving $35,000 in damages and $70,000 in fees and costs under *Cheeks*); *Jones v. Bryant Park Market Event LLC*, 13-CV-1369, ECF Entry of 10/24/2016 (AJP - SDNY).

In the circumstances of this case, the settlement is fair and reasonable for several reasons. First, Defendants dispute liability and if a jury believes Defendants, Plaintiff may receive nothing or a lot less. Second, the amount Plaintiff is due to receive under the settlement can reasonable be viewed as covering her unpaid wages and liquidated damages. Third, there appears to be a desire by all parties to resolve the case early and avoid the significant financial and non-financial costs/harms of litigation. Finally, the settlement was the result of arms' length negotiations and was reached after weighing the law and the facts as well as the strengths and weaknesses of the parties' position and the impact of the COVID-19 pandemic.

---

See also *Brown v. Starrett City Associates*, 2011 WL 5118438, 8 (E.D.N.Y.), the court, citing *Venegas*, also noted that even when a court makes a lodestar fee award, "The award is then subject to whatever private contractual agreement exists between plaintiff and his or her counsel."

Therefore, it is respectfully requested that this Honorable Court approve the settlement agreement as fair and reasonable under the FLSA and *Cheeks*.

Respectfully submitted,

Abdul Hassan Law Group, PLLC

 /s/ Abdul Hassan
By: Abdul K. Hassan, Esq. (AH6510)
*Counsel for Plaintiff*

**cc:      Defense Counsel via ECF**