# SETTLEMENT AGREEMENT AND RELEASE

NYC Motorcars Corporation, and Hoor E. Onna (collectively "Defendants"), and Samantha Rivera ("Rivera") [In this Agreement, Defendants and Rivera are referred to individually as the "Party" and/or collectively as the "Parties"], desire to avoid the costs, risks, and delays associated with litigation and, in entering into this *Settlement Agreement and Release* ("Agreement") therefore agree as follows:

1. **Definition of Parties**.

a. "Plaintiff" shall be defined as Samantha Rivera.

b. Plaintiff Samantha Rivera was employed by Defendants NYC Motorcars Corporation.

c. "Defendants" shall be defined as NYC Motorcars Corporation, and Hoor E. Onna.

d. "Action" or "Lawsuit" refers to the lawsuit filed by Plaintiff against Defendant on March 31, 2020, in the United States District Court, Southern District of New York, with Civil Action #: 20-CV-02701 (JMF)(OTW).

2. **Consideration**. In consideration for Ms. Rivera's signing this Agreement and the release of all claims herein, Defendants NYC Motorcars Corporation, and Hoor E. Onna agree to make the following payments totaling Thirteen Thousand Dollars and Zero Cents ($13,000.00) ("Settlement Amount"):

a. A check made payable to "Samantha Rivera" in the amount of Four Thousand, One Hundred, Fourteen Dollars and Zero Cents ($4,114.00), less applicable taxes and withholdings, to be reported on an IRS Form W-2, due within thirty (30) days of the court's approval of this Agreement;

DS SR

b. A check made payable to "Samantha Rivera" in the amount of Four Thousand, One Hundred, Fourteen Dollars and Zero Cents ($4,114.00), representing liquidated and other damages, to be reported on an IRS Form 1099-MISC (Box 3), due within thirty (30) days of the court's approval of this Agreement;

DS SR

c. A check made payable to "Abdul Hassan Law Group, PLLC," in the amount of Four Thousand Seven Hundred Seventy-Two Dollars and Zero Cents ($4,772.00), representing a 1/3 contingency fee ($4,114.00) plus costs ($658.00), to be reported on an IRS Form 1099-MISC (Box 10), due within thirty (30), days of the court's approval of this Agreement;

DS SR

d. The payments above shall be sent by overnight delivery to the office of Plaintiff's counsel Abdul K. Hassan, Esq., located at 215-28 Hillside Avenue, Queens Village, NY 11427.

e. Defendant knowingly and voluntarily releases and forever discharges Plaintiff of and from any and all claims, debts, obligations or liability whatsoever, whether known or unknown, that they had or may have against Plaintiff, as of the date of execution of this Agreement.

f. If there is a default in making the payments herein, Plaintiff or her counsel, will give **Defendants NYC Motorcars Corporation, and Hoor E. Onna** written notice of said default, by sending a notice of default by email to counsel for Defendants **Mr. Bruce Minsky, Esq. at bwminsky@gmail.com.** Defendants will have ten (10) days from receipt of such notice to cure the default. If Defendants do not cure the default within ten (10) days of the notice, Plaintiff and her Counsel shall have the right to a judgment or supplemental judgment against Defendants **NYC Motorcars Corporation, and Hoor E. Onna, individually and/or jointly,** in the amount of Twenty Thousand Dollars ($20,000) less any monies paid by Defendant at the time of default. The Court shall retain and have authority and jurisdiction to enter such judgment or supplemental judgment in favor of Plaintiff and her counsel.

3. **No Consideration Absent Execution of This Agreement**. Plaintiff understands and agrees she would not receive the monies and/or benefits specified in Paragraph 2 above, except for her execution of this Agreement and the discontinuance of the Action with prejudice.

a. **Release of Claims by Plaintiff**. In return for the payments identified in paragraph 2, Plaintiff knowingly and voluntarily releases and forever discharges Defendants of and from any and all wage and hour claims asserted in this Action, as of the date of execution of this Agreement, consistent with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).

4. **Acknowledgments and Affirmations**.

a. Plaintiff affirms that in the Action she has asserted a claim in seeking unpaid wage or overtime pay under the Fair Labor Standards Act, the New York State Labor Law, and/or any other law, regulation or basis and affirms that there is a bona fide dispute as to such FLSA claims which are being settled and released by this Agreement. Plaintiff believes that this settlement is fair and reasonable, and authorizes her attorney to seek from the Court approval of the settlement as fair and reasonable under the FLSA, and dismissal of the Action with prejudice.

5. **Governing Law and Interpretation**. This Agreement shall be governed and conformed in accordance with the laws of the State of New York without regard to its conflict or choice of law provisions. In the event the Plaintiff or Defendants breaches any provision of this Agreement, Plaintiff and Defendants affirm that either may institute an action to specifically enforce any term or terms of this Agreement. If the release language is found to be illegal or unenforceable, Plaintiff and Defendants agree to execute a binding replacement release(s).

6. **Amendment**. Except as provided in Paragraph 6 above, this Agreement may not be modified, altered or changed without the express written consent of both Parties wherein specific reference is made to this Agreement.

7. **Resolution of Disputes**. The Parties agree that the Court in this action shall retain jurisdiction to resolve any disputes arising out of this Settlement Agreement and the settlement of this action.

8. **Non-admission of Wrongdoing**. The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by either Party of any liability or unlawful conduct of any kind.

9. **Entire Agreement**. This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties. Plaintiff acknowledges she has not relied on any representations, promises, or agreements of any kind made to her in connection with her decision to accept this Agreement, except for those set forth in this Agreement, and Plaintiff's consent to this Agreement is given freely, voluntarily, and with full knowledge and understanding of this Agreement's contents.

10. **Section Headings**. Section headings are used herein for convenience of reference only and shall not affect the meaning of any provision of this Agreement.

11. **Legal Fees**. Except as provided for in this Agreement, each Party will be responsible for its own legal fees or costs, if any, incurred in connection with the negotiation, settlement and delivery of this Agreement.

12. **Joint Participation in Preparation of Agreement.** The Parties participated jointly in the negotiation and preparation of this Agreement, and each Party has had the opportunity to obtain the advice of legal counsel and to review, comment upon, and redraft this Agreement. Accordingly, it is agreed that no rule of construction shall apply against any Party or in favor of any Party. This Agreement shall be construed as if the Parties jointly prepared this Agreement, and any uncertainty or ambiguity shall not be interpreted against any one Party and in favor of the other.

13. **Competency to Waive Claims**. At the time of considering or executing this Agreement, Plaintiff was not affected or impaired by illness, use of alcohol, drugs or other substances or otherwise impaired. Plaintiff is competent to execute this Agreement.

14. **Reliances.** The Parties are not relying upon any representation, understanding, undertaking, promise or agreement not set forth in this Release, and each Party expressly disclaims any reliance on any such representation, understanding, undertaking, promise or agreement.

15. **Cooperation.** The Parties agree to cooperate with each other in effectuating the terms of this Release and shall duly execute and deliver all documents and perform all acts reasonably deemed necessary for the implementation of this Release.

16. **Counterparts**. This Agreement may be executed in one or more counterparts, each of which will be deemed to be an original copy of this Agreement and all of which, when taken together, will be deemed to constitute one and the same agreement. All executed copies are duplicate originals and are equally admissible into evidence.

17. **Stipulation of Discontinuance With Prejudice**. The Parties shall, within two days of the Plaintiff's receipt of the Settlement Amount, file a stipulated dismissal of the Lawsuit, with prejudice, and without costs to either Party, the form attached hereto as Exhibit A

*[Signature(s) on the following page.]*

The rest of this page is left intentionally blank.

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Settlement Agreement and Release as of the date set forth below:

**PLAINTIFF:**

**SAMANTHA RIVERA**

DocuSigned by:

By:____________________

7B3275EC36D747D...

Print Name Samantha Rivera

Date: 1/27/2021

**DEFENDANTS:**

**NYC MOTORCARS CORPORATION**

By:____________________

Print Name: Sayfur Rahman

Title: President

Date: January 27, 2021

**HOOR E. ONNA:**

By:____________________

Date: January 27, 2021

The rest of this page is left intentionally blank.